UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI
CIVIL NO. 10-501-HJW-JGW

MARVA CAPTAIN,                                            PLAINTIFF

vs.

WAL-MART STORES EAST, INC.,                               DEFENDANT

REPORT AND RECOMMENDATION[1] THAT
(1) PLAINTIFF'S MOTION TO REMAND BE GRANTED; AND THAT
(2) THIS CASE BE REMANDED TO THE STATE COURT AND DISMISSED
FROM THE ACTIVE DOCKET OF THIS FEDERAL COURT

Plaintiff initiated suit in state court for injuries allegedly sustained at defendant's store while shopping on November 28, 2008.  Defendant removed the case to this federal court on July 28, 2010.  On August 27, 2010, Plaintiff filed a motion to remand; Defendant has filed a response in opposition.  For the reasons that follow, Plaintiff's motion should be granted.

**Background**

The Defendant filed a Notice of Removal based on 28 U.S.C. §1446, alleging the existence of diversity jurisdiction.  *See* 28 U.S.C. §1332.  In order to invoke diversity jurisdiction, however, the amount in controversy must exceed $75,000.00.  Plaintiff's original complaint alleges only that her total compensatory and economic damages exceed $25,000.00.  In other words, the complaint alleges only a "floor" for Plaintiff's damages, without seeking any specific amount in damages.  Plaintiff's motion contends that her damages do not meet the amount in controversy necessary to invoke diversity jurisdiction in federal court.

**Analysis**

The Defendant argues in opposition to remand that in the Sixth Circuit, a defendant need only prove by a preponderance of the evidence that it is "more likely than not" that Plaintiff's

---

[1] **Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation**

claims meet the amount in controversy requirement. *See Gafford Gen. Elec. Co.*, 997 F.2d 150 (6th Cir. 1993)(abrogated on other grounds, ___ U.S. ___, 130 S. Ct. 1181 (2010)). However, Plaintiff's motion to remand includes an affidavit that, as Defendant concedes, amounts to a post-removal stipulation that damages will not exceed $75,000.

Defendant argues that the stipulation should be disregarded, citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). But as recognized in *Roberts v. A&S Building Systems, L.P.*, 2008 WL 220627 (E.D. Tenn. 2008), the line of precedent relied upon by *Rogers* was abrogated by *Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224, 232, 127 S.Ct. 2411 (2007). Other more recent cases including *Roberts v. A&S Building Systems, Inc.* have held that remand is required when a plaintiff executes a post-removal stipulation that caps damages below the $75,000 threshold, at least where no higher amount is specified in the complaint. *See also King v. Household Finance Corp.*, 593 F. Supp.2d 958 (E.D. Ky. 2009)(remand where plaintiffs stipulated the amount in controversy does not exceed $75,000); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1308-09 (E.D. Ky. 1990); *compare Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560 (6th Cir. 2001)(remand denied where plaintiff refused to stipulate that damages did not exceed $75,000); *Stratton v. Konecranes, Inc.*, 2010 WL 2178544 (E.D. Ky. May 28, 2010)(same).

**Conclusion and Recommendation**

Based upon the facts asserted in Plaintiff's motion including Plaintiff's stipulation that her total damages cannot exceed $75,000, the court concludes that removal on the basis of diversity jurisdiction was improper. Therefore, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion to remand [Doc. 6] be **granted**; and

2. This case be **remanded** to the Highland County Court of Common Pleas, Civil Division, and stricken from the active docket of this federal court.

-3-

Date: October 7, 2010				s/ J. Gregory Wehrman
						J. Gregory Wehrman
						United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI
CIVIL NO. 10-501-HJW-JGW**

**MARVA CAPTAIN,**                                                              **PLAINTIFF**

    **vs.**

**WAL-MART STORES EAST, INC.,**                                    **DEFENDANT**

**NOTICE**

      Attached hereto is the Report and Recommendation Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).